SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 29 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANN EDWARDS, INDIVIDUALLY,     PLAINTIFF
AND FOR AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES
OF GREG EDWARDS, DECEASED

VERSUS     NO.: 2:14cv75-DPJ-FKB

SOUTH CENTRAL REGIONAL     DEFENDANT
MEDICAL CENTER

---

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

---

**COMES NOW,** Plaintiff, Ann Edwards, individually, and for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased, by and through undersigned counsel, and files this complaint against the Defendant, South Central Regional Medical Center, and in support hereof would show unto the court the following:

### A. PARTIES

1. Plaintiff, Ann Edwards, is an adult resident citizen of the State of Mississippi, and brings this lawsuit for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased.

2. Defendant, South Central Regional Medical Center, is a community hospital, an instrumentality of Jones County, Mississippi, a political subdivision of the State of Mississippi, operated by a Board of Trustees that is appointed by governmental authority. Its "Chief Executive Officer" is Douglas Higginbotham, who may be served with process at 1220 Jefferson Street, Laurel, Mississippi 39440, its principal place of business.

## B. JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1367(a), subject matter jurisdiction is proper in this Court.

4. This Court has personal jurisdiction over the defendant.

5. Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, as the Defendant lies within this Division and the acts complained of herein occurred within this Division.

## C. COMPLIANCE WITH STATUTES

6. Proper written notice of intention to file this action has been provided to the Defendant via certified mail, return receipt requested, pursuant to Mississippi Code Annotated § 11-46-11(1). See notice letter attached hereto as Exhibit "A."

7. Attached to this complaint as Exhibit "B" is a Certificate of Compliance and Expert Consultation pursuant to the requirements of Mississippi Code Annotated § 11-1-58(1)(a).

## D. FACTS

8. On the evening of February 27, 2013, Greg Edwards was brought by his family to South Central Regional Medical Center ("South Central") because he was hallucinating, paranoid, homicidal and suicidal. Upon arriving at South Central, Mr. Edwards came under the primary care of Dr. Michael Larochelle, an employee of South Central, who was working in the course and scope of his employment in the emergency department.

9. Alliance Heath Center in Meridian, Mississippi was contacted regarding Mr. Edwards' condition. A case worker sent by Alliance to the emergency department recommended that Mr. Edwards be admitted to the hospital for care and treatment. Notwithstanding this recommendation, Dr. Larochelle failed to stabilize and/or admit Mr. Edwards, but discharged

him into the care of his family after simply ordering that Mr. Edwards be given Ativan to calm him.

10. In the presence of Mr. Edwards' family, Dr. Larochelle made numerous comments that Mr. Edwards would not be admitted the hospital because he was without health insurance or Medicaid coverage. Consequently, Mr. Edwards was discharged from the emergency department at South Central in the early morning hours of February 28, 2013 with instructions to follow up "with Pine Grove in the morning."

11. At approximately 11:00 a.m. on the morning of February 28, 2013, Mr. Edwards' family began efforts to bring him to Pine Grove. He was again hallucinating, paranoid, homicidal and suicidal. In front two of his children, Mr. Edwards shot himself in the head with a pistol. He was airlifted to Forrest General Hospital where he remained until his death on March 4, 2013.

### E. CAUSES OF ACTION

### (Medical Negligence)

12. At all times relevant to this cause of action, Defendant South Central, through its agents, servants, and employees, including Dr. Michael Larochelle, owed Mr. Edwards the duty to exercise that degree of skill, care, competence and prudence normally exercised by minimally-competent emergency medicine physicians under like or similar circumstances. Defendant, South Central, failed to exercise that requisite degree of skill, care, competence and prudence in failing to timely diagnose and properly treat Mr. Edward's condition as it existed on the evening of February 27, 2013, failing to stabilize his condition and failing to admit him to the hospital for additional care and treatment.

13. As a proximate result of the negligence of the Defendant, South Central, Mr. Edwards sustained serious personal injury, eventually dying on March 4, 2013.

**(EMTALA Violation)**

14. At all times herein, Defendant, South Central, was subject to the terms, conditions, and requirements of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd.

15. Under EMTALA, South Central was required to provide Mr. Edwards with, among other things, (1.) an appropriate medical screening and (2.) stabilization of a known emergency medical condition.

16. When Mr. Edwards presented to the emergency department at South Central, he was suffering from an emergency medical condition.

17. South Central, through its agents, servants, and employees, failed to provide Mr. Edwards with an appropriate medical screening because he was without health insurance or Medicaid coverage.

18. South Central also failed to appropriately stabilize Mr. Edwards given his signs and symptoms on the evening of February 27, 2013, including the fact that he was hallucinating, paranoid, suicidal and homicidal.

19. Mr. Edwards' signs and symptoms while in the emergency department at South Central were such that the absence of immediate medical contention could reasonably be expected to result in placing Mr. Edwards' health in serious jeopardy.

20. South Central, through its agents, servants, and employees, had actual knowledge of Mr. Edwards' condition on the evening of February 27, 2013, yet failed to adequately stabilize Mr.

Edwards by failing to provide him appropriate medical care and treatment to include admission to the hospital.

21. Because of South Central's failure to properly stabilize Mr. Edwards, he was discharged to the care of his family, and later sustained serious bodily injury and death.

## F. DAMAGES

22. As a direct and proximate result of the negligence of South, and due to its violation of EMTALA, Plaintiff is entitled to recover the full amount of monetary damages available under Mississippi law, the elements of which include:

   a) Medical expenses;

   b) Physical pain and suffering;

   c) Mental anguish;

   d) Funeral and burial expenses;

   e) The loss of enjoyment of life;

   f) The present net cash value of the life expectancy of the deceased;

   g) The loss of the companionship and society of the deceased; and,

   h) Such other damages as may be proved at trial.

## G. PRAYER FOR RELIEF

23. Wherefore, Premises Considered, Plaintiff, Ann Edwards, individually, and for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased, prays this court enter judgment against Defendant, South Central Regional Medical Center, in an amount in excess of the jurisdictional minimum of this court, for all costs of this action, and post-judgment interest.

This, the 27th day of May, 2014.

By: _/s/ Walter Morrison_

Walter C. Morrison, IV, MSB No. 9653
**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**
240 Trace Colony Park Drive, Ste. 100
Ridgeland, MS 39157
Telephone: (601) 933-2054
Facsimile: (601) 933-2050
E-mail: wmorrison@gainsben.com