IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANN EDWARDS, INDIVIDUALLY, **PLAINTIFFS**
AND FOR AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES
OF GREG EDWARDS, DECEASED;
CHARLES EDWARDS; and TRAVIS
EDWARDS

VERSUS    NO.: 2:14-cv-0075-DPJ-FKB

SOUTH CENTRAL REGIONAL    **DEFENDANTS**
MEDICAL CENTER and
ALLIANCE HEALTH CENTER, INC.

## SECOND AMENDED COMPLAINT
### (JURY TRIAL REQUESTED)

**COME NOW,** Plaintiffs, Ann Edwards, individually, and for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased, Charles Edwards and Travis Edwards, by and through undersigned counsel, and file this Second Amended Complaint against the Defendants, South Central Regional Medical Center and Alliance Health Center, Inc., and in support hereof would show unto the court the following:

### A. PARTIES

1. Plaintiff, Ann Edwards, is an adult resident citizen of the State of Mississippi, and brings this lawsuit for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased.

2. Plaintiff, Charles Edwards, is an adult resident citizen of the State of Mississippi.

3. Plaintiff, Travis Edwards, is an adult resident citizen of the State of Mississippi.

4. Defendant, South Central Regional Medical Center, is a community hospital, an instrumentality of Jones County, Mississippi, a political subdivision of the State of Mississippi,

operated by a Board of Trustees that is appointed by governmental authority. Its "Chief Executive Officer" is Douglas Higginbotham, who may be served with process at 1220 Jefferson Street, Laurel, Mississippi 39440, its principal place of business.

5.   Defendant, Alliance Health Center, Inc., is a Mississippi corporation doing business at 5000 Highway 39 North, Meridian, Mississippi 39301.  It may be served with process through its agent for service, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### B.   JURISDICTION AND VENUE

6.   Pursuant to 28 U.S.C. §§ 1331 and 1367(a), subject matter jurisdiction is proper in this Court.

7.   This Court has personal jurisdiction over the defendants.

8.   Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, as the Defendants lie within this Division and the acts complained of herein occurred within this Division.

### C.   COMPLIANCE WITH STATUTES

9.   Proper written notice of intention to file this action has been provided to the Defendants via certified mail, return receipt requested, pursuant to Mississippi Code Annotated § 11-46-11(1). See notice letters attached hereto as Exhibits "A" and "B."

10.  Attached to this complaint as Exhibit "C" is a Certificate of Compliance and Expert Consultation pursuant to the requirements of Mississippi Code Annotated § 11-1-58(1)(a).

### D. FACTS

11. On the evening of February 27, 2013, Greg Edwards was brought by his family to South Central Regional Medical Center ("South Central") because he was hallucinating, paranoid,

homicidal and suicidal. Upon arriving at South Central, Mr. Edwards came under the primary care of Dr. Michael Larochelle, an employee of South Central, who was working in the course and scope of his employment in the emergency department.

12. Defendant Alliance was contacted regarding Mr. Edwards' condition. A case worker sent by Alliance to the emergency department recommended that Mr. Edwards be admitted to the hospital for care and treatment. Notwithstanding this recommendation, Alliance indicated that it did not have room for Mr. Edwards and failed to admit him, or ensure that he would receive proper care and treatment at South Central. Additionally, Dr. Larochelle failed to stabilize and/or admit Mr. Edwards, but discharged him into the care of his family after simply ordering that Mr. Edwards be given Ativan to calm him.

13. In the presence of Mr. Edwards' family, Dr. Larochelle made numerous comments that Mr. Edwards would not be admitted to the hospital because he was without health insurance or Medicare coverage. A nurse at South Central Regional Medical Center advised Mr. Edwards' family that he would not be admitted to South Central Regional Medical Center's geriatric psychiatric unit because he did not have Medicare coverage. Consequently, Mr. Edwards was discharged from the emergency department at South Central in the early morning hours of February 28, 2013 with instructions to follow up "with Pine Grove in the morning."

14. At approximately 11:00 a.m. on the morning of February 28, 2013, Mr. Edwards' family began efforts to bring him to Pine Grove. He was again hallucinating, paranoid, homicidal and suicidal. At the family's camp in Waynesboro, Mississippi, and in close proximity to his two children, Charles and Travis Edwards, Mr. Edwards shot himself in the head with a pistol. He was airlifted to Forrest General Hospital where he remained until his death on March 4, 2013.

# E. CAUSES OF ACTION

### (South Central - Medical Negligence)

15. At all times relevant to this cause of action, Defendant South Central, through its agents, servants, and employees, including Dr. Michael Larochelle, owed Mr. Edwards the duty to exercise that degree of skill, care, competence and prudence normally exercised by minimally-competent emergency medicine physicians under like or similar circumstances.  Defendant South Central failed to exercise that requisite degree of skill, care, competence and prudence in failing to timely diagnose and properly treat Mr. Edward's condition as it existed on the evening of February 27, 2013, in failing to stabilize his condition and in failing to admit him to the hospital for additional care and treatment.

16. As a proximate result of the negligence of the Defendant South Central, Mr. Edwards sustained serious personal injury, eventually dying on March 4, 2013.

### (Alliance – Medical Negligence)

17. At all times relevant to this cause of action, Defendant Alliance, through its agents, servants, and employees owed Mr. Edwards the duty to exercise reasonable care under the circumstances.  Defendant, Alliance, failed to exercise such care in failing to ensure that Mr. Edwards received proper care and treatment, to include stabilizing his condition and to ensure that he was properly admitted to the hospital for additional care and treatment.

18. As a proximate result of the negligence of the Defendant Alliance, Mr. Edwards sustained serious personal injury, eventually dying on March 4, 2013.

**(South Central - EMTALA Violation)**

19. At all times herein, Defendant South Central was subject to the terms, conditions, and requirements of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd.

20. Under EMTALA, South Central was required to provide Mr. Edwards with, among other things, (1) an appropriate medical screening and (2) stabilization of a known emergency medical condition.

21. When Mr. Edwards presented to the emergency department at South Central he was suffering from an emergency medical condition.

22. South Central, through its agents, servants, and employees, failed to provide Mr. Edwards with an appropriate medical screening because he was without health insurance or Medicare coverage.

23. South Central also failed to appropriately stabilize Mr. Edwards given his signs and symptoms on the evening of February 27, 2013, including the fact that he was hallucinating, paranoid, suicidal and homicidal.

24. Mr. Edwards' signs and symptoms while in the emergency department at South Central were such that the absence of immediate medical attention could reasonably be expected to place Mr. Edwards' health in serious jeopardy.

25. South Central, through its agents, servants, and employees, had actual knowledge of Mr. Edwards' condition on the evening of February 27, 2013, yet failed to adequately stabilize Mr. Edwards by failing to provide him appropriate medical care and treatment to include admission to the hospital.

26. Because of South Central's failure to properly stabilize Mr. Edwards, he was discharged to the care of his family, and later sustained serious bodily injury and death.

### (South Central – Negligent Infliction of Emotional Distress)

27. As a direct and proximate result of Defendant South Central's act(s) and/or omission(s), Plaintiffs Charles and Travis Edwards suffered and will continue to suffer severe mental anguish and emotional distress.

28. Witnessing the suicide of their father, Greg Edwards, was an awful, traumatic and disturbing event, which has caused Charles and Travis Edwards to suffer severe mental anguish and emotional distress.

29. At all relevant times, the Plaintiffs were in close proximity when their father shot and killed himself as a result of Defendant South Central's conduct.

30. Plaintiffs' severe mental anguish and emotional distress was a reasonably foreseeable result of Defendant South Central's negligence.

31. The act(s) and/or omission(s) of Defendant South Central constitute the negligent infliction of emotional distress, and were a proximate cause of the death of Mr. Edwards, as well as the mental anguish and emotional distress suffered by Plaintiffs Charles and Travis Edwards.

### (Alliance – Negligent Infliction of Emotional Distress)

32. As a direct and proximate result of Defendant Alliance's act(s) and/or omission(s), Plaintiffs Charles and Travis Edwards suffered and will continue to suffer severe mental anguish and emotional distress.

33. Witnessing the suicide of their father, Greg Edwards, was an awful, traumatic and disturbing event, which has caused Charles and Travis Edwards to suffer severe mental anguish and emotional distress.

34. At all relevant times, the Plaintiffs were in close proximity when their father shot and killed himself as a result of Defendant Alliance's conduct.

35. Plaintiffs' severe mental anguish and emotional distress was a reasonably foreseeable result of Defendant Alliance's negligence.

36. The act(s) and/or omission(s) constitute the negligent infliction of emotional distress and were a proximate cause of the death of Mr. Edwards, as well as the mental anguish and emotional distress suffered by Plaintiffs Charles and Travis Edwards.

### F. DAMAGES

37. As a direct and proximate result of the negligence of Alliance and South Central, and due to South Central's violation of EMTALA, Plaintiffs are entitled to recover the full amount of monetary damages available under Mississippi law, the elements of which include:

   a) Medical expenses;

   b) Physical pain and suffering;

   c) Mental anguish and emotional distress;

   d) Funeral and burial expenses;

   e) The loss of enjoyment of life;

   f) The loss of the companionship and society of the deceased; and,

   g) Such other damages as may be proved at trial.

Wherefore, Premises Considered, Plaintiffs, Ann Edwards, individually, and for and on behalf of the wrongful death beneficiaries of Greg Edwards, deceased, Charles Edwards and Travis Edwards, pray this court enter judgment against Defendants, South Central Regional Medical Center and Alliance Health Center, Inc., in an amount in excess of the jurisdictional minimum of this court, for all costs of this action, and post-judgment interest.

This, the 9th day of January, 2015.

          By: *s/ Walter C. Morrison, IV*
             Walter C. Morrison, IV, MSB No. 9653
             **Gainsburgh, Benjamin, David,**
             ** Meunier & Warshauer, LLC**
             240 Trace Colony Park Drive, Ste. 100
             Ridgeland, MS 39157
             Telephone: (601) 933-2054
             Facsimile: (601) 933-2050
             E-mail: wmorrison@gainsben.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☐ | Overnight Mail |
| ☒ | ECF System | | |

THIS the 9th day of January, 2015.

             *s/ Walter C. Morrison, IV*
              WALTER C. MORRISON, IV